```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GENOVEVA PITTS,<br><br>        Plaintiff,<br><br>   v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4501 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, pro se Plaintiff Genoveva Pitts alleges Defendant illegally communicated with her regarding an attempt to collect an alleged debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Docket Item 1 at 1.] Defendant Bayview Loan Servicing, LLC, filed the instant motion to dismiss. [Docket Item 5.] Bayview claims that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed any opposition.[1] For the reasons discussed below, the Court will grant Defendant's motion to dismiss.[2] The Court finds as follows:

---

[1] Plaintiff's deadline to file opposition expired on October 24, 2016. Plaintiff has not filed any papers with this Court since she filed the initial complaint on July 25, 2016.
[2] Because Plaintiff asserts a claim under the Fair Debt Collection Practices Act, the Court exercises jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337(a), as well as 15 U.S.C. § 1692k(d).

1. The facts of this case are, essentially, that Defendant is alleged to have communicated with Plaintiff several times between March 2, 2015 and May 20, 2016 in an attempt to collect a debt. [Docket Item 1 at 3.] The debt relates to a foreclosure action regarding the mortgage of Plaintiff's home. [Docket Item 5-1 at 6-7.] Defendant states that it is the servicer of Plaintiff's mortgage. [Docket Item 5-1 at 7.] Plaintiff claimed that Defendant's communications with her on January 20, 2016; January 25, 2016; March 18, 2016; April 11, 2016; April 12, 2016; April 12, 2016; April 18, 2016, May 11, 2016; and May 20, 2016 occurred without prior written consent from her and without permission from a court of competent jurisdiction. [Docket Item 1 at 3.] She also alleged that the communications from Defendant on March 18 and May 20 failed to state that Defendant is a debt collector. [Docket Item 1 at 4.] Plaintiff claims that she has suffered "mental anguish" and "anxiety" as a result and seeks statutory damages in the amount of $11,000; actual damages in the amount of $200,000; and fees and costs. [Id. at 4-5.]

2. When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus,

551 U.S. 89, 93-94 (2007) (per curiam). A pro se complaint in particular should be construed liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

    3.    A motion to dismiss may be granted only if the court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To determine if a complaint meets this pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

4.  After reviewing Plaintiff's Complaint, the Court agrees with Defendant's argument that Plaintiff has failed to state a cognizable cause of action for violating the FDCPA.

5.  A plaintiff seeking to state a claim under the FDCPA "must establish that (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Grant v. JPMorgan Chase Bank, No. 12-cv-06248, 2013 WL 1558773, *2 (D.N.J. Apr. 10, 2013) (internal citations omitted).

6.  The Court finds that the Complaint, viewed in the light most favorable to Plaintiff, fails to allege adequately in what respect the communications at issue violated any specific provision of the FDCPA.

7.  Plaintiff alleges that she received nine communications from Defendant from January through May of 2016 that purportedly violated the FDCPA because they were sent "without prior written consent from Plaintiff" and/or "without express permission of a court of competent jurisdiction" in violation of 15 U.S.C. § 1692c. [Docket Item 1 at ¶¶ 8-9, 18-20.] Plaintiff also alleges that Defendant's specific communications to her on March 18, 2016 and May 20, 2016 failed

to notify Plaintiff that Defendant is a debt collector, in violation of 15 U.S.C. § 1692e(11). Id. at ¶ 22.

8. Section 1692c(a) provides generally that a debt collector may not communicate with a consumer (without his or her prior consent or without express permission from a court of competent jurisdiction): at an unusual time or place or one known to be inconvenient; if the debt collector knows that the consumer is represented by an attorney; or at the consumer's place of employment. Here, Plaintiff alleges only that Bayview, a debt collector, communicated with her without her consent and without permission from an appropriate court, but does not allege that Bayview communicated with her at an unusual or inconvenient time or place, while she was represented by an attorney, or at her place of employment. Plaintiff has therefore not validly stated a claim for a violation of § 1692c(a).

9. Section 1692c(b), subtitled "Communication with third parties," states that a debt collector may not, without consent from the consumer or permission of an appropriate court, communicate with anyone other than a consumer, his or her attorney, or other limited parties. Plaintiff has not alleged that Defendant communicated with a forbidden third party under this subsection. Accordingly, she fails to state a claim for a violation of § 1692c(b). Section 1692c(c) limits the communications a debt collector may make when a consumer has

directed the debt collector to cease contacting him or her; Plaintiff, here, does not allege that she directed Defendant to cease contacting her at any time. Plaintiff has therefore not validly stated a claim against Bayview for a violation of § 1692c.

10. Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection (11) provides that it is a violation of that section to fail "to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and to fail "to disclose in subsequent communications that the communication is from a debt collector."

11. Plaintiff attached the communications she alleges to have violated § 1692e(11) as Exhibit 3 to the Complaint. [Docket Item 1-6.] The communication dated March 16, 2016 is titled "Bankruptcy Notice" and states in its first paragraph: "Our records reflect that you are presently a debtor in an active bankruptcy case or you previously received a discharge in bankruptcy. This statement is being sent to you for informational purposes only. It should not be construed as an attempt to collect a debt against you personally." [Docket Item

1-6 at 3.] The communication dated May 16, 2016 also has the same title and opening paragraph, but concludes that paragraph with only the following sentence in addition: "However, we retain our rights under the security instrument, including the right to foreclose our lien." [Docket Item 1-6 at 9.]

12. Given the unambiguous language of § 1692e, which states that unlawful false, deceptive, or misleading representations prohibited by the statute are those which are made "in connection with the collection of any debt," and the similarly unambiguous statements in the March and May communications that they were informational only and did not represent attempts to collect any debt, the Court finds that Plaintiff has not adequately alleged that those communications violate 15 U.S.C. Sec. 1692e(11). See Gregory v. Nationstar Mortgage, LLC, No. 2:13-6952, 2014 WL 1875167, at *3-*4 (D.N.J. May 9, 2014); Bailey v. Security Nat'l Sev. Corp., 154 F.3d 384 (7th Cir. 1998). Plaintiff has not made any additional factual allegations that would support a claim that Defendant violated 15 U.S.C. § 1692e(11) by those two communications.

13. Accordingly, the Court will grant the unopposed motion to dismiss by Defendant. The accompanying Order will be entered.

| | |
|---|---|
| **May 25, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |